UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
In re:                                                         :     Chapter 11
                                                               :
MOSHOLU JJJ REALTY LTD                                         :     Case No.: 16-11723
                                                               :
                                                               :
                    Debtor,                                    :
-------------------------------------------------------------- x

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
IN SUPPORT OF MOTION FOR AN ORDER TO DISMISS THE CASE OR,
ALTERNATIVELY, TO CONVERT THIS CASE TO A CASE UNDER
CHAPTER 7 OF THE BANKRUPTCY CODE**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

This memorandum of law is in support of the motion (the "Motion") of Matthew M. Cabrera, proposed counsel to Mosholu JJJ Realty Ltd., Debtor and Debtor in Possession, for an order dismissing the Chapter 11 case of Mosholu JJJ Realty Ltd. (the "Debtor" & "Debtor in Possession"), or in the alternative, converting this case to one under Chapter 7 of the Bankruptcy Code.

## INTRODUCTION

Cause exists to dismiss the case or convert this case to one under Chapter 7 of the Bankruptcy Code because the Debtor lacks the ability to reorganize. The Debtor has no funds in its bank account and is not capable of accumulating any money going forward as of now and for the foreseeable future.

Moreover, the Court should dismiss or convert the case because the Debtor has failed to file a monthly operating report after June 2016. The Debtor's failure to abide by its administrative obligations constitute further grounds to dismiss the case or convert the case to one under Chapter 7 of the Bankruptcy Code.

# FACTS

1. The Debtor filed for Chapter 11 Bankruptcy relief on June 13, 2016 (the "Filing Date") by filing a voluntary petition (the "Petition"). The Debtor is Single Asset Real Estate Entity, overseeing and managing a multi-unit apartment house. .

2. The Debtor stated that it filed for bankruptcy relief because it was facing a foreclosure sale on June 13, 2016.

3. The Debtor has not completed its schedules of assets and liabilities.

4. The Debtor has also failed to complete other necessary filings in the bankruptcy, including monthly operating reports, necessary schedules, demanded items as requested by the trustee.

# ARGUMENT

### A. Causes for Conversion or Dismissal Exist Under Enumerated Provisions of 11 U.S.C. § 1112(b)

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court shall convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it] . . ., whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1) (emphasis added). Here, cause exists under the following provisions: "(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; . . . . (B) unexcused failure to satisfy timely any filing or reporting requirement. . . . " See 11 U.S.C. § 1112(b)(4)(A), (F) and (J).

1. Inability to Rehabilitate

A party seeking to demonstrate cause under section 1112(b)(4)(A) must establish both the "substantial or continuing loss" prong as well as the "absence of a reasonable likelihood of rehabilitation" prong. In re BH S & B Holdings, LLC, 439 B.R. 342 (Bankr. S.D.N.Y. 2010). Courts can consider the administrative expenses incurred by the estate while in Chapter 11 when determining whether there has been a substantial or continuing loss. Loop Corp v. U.S. Tr., 290 B.R. 108, 113 (D. Minn. 2003) aff=d, 379 F.3d 511 (8th Cir. 2004). Additionally, "[i]n determining whether there is a continuing loss to or diminution of the estate, courts must look beyond a debtor's financial statements and make a full evaluation of the present condition of the estate." In re Moore Constr., Inc., 206 B.R. 436, 437-38 (Bankr. N.D. Texas 1997). See In re Economy Cab & Tool Co., 44 B.R. 721, 724 (Bankr. D. Minn. 1984).

Here, the Debtor has a substantial and continuing loss as the Debtor has failed to pay any Chapter 11 administrative obligations. Specifically, the Debtor has no ability to pay any of its current obligations. The Debtor has been unable to reach any sort of agreement with the tenants in the building to initiate rental payments. Furthermore, the Debtor is incurring administrative expenses, quarterly fees, legal expenses, and other continuous costs associated with its Chapter 11 filing.

Moreover, there is no reasonable likelihood of rehabilitation. Rehabilitation, within the meaning of section 1112(b)(4)(A), means "to put back in good condition; re-establish on a firm, sound basis." In re Lizeric Realty Corp., 188 B.R. 499 (Bankr. S.D.N.Y. 1995) (quoting 5 Collier on Bankr. 1112-19 (Lawrence P. King et al.eds., 15th ed. 1995)). The Debtor must prove both that an "effective" reorganization is possible, that the property is necessary to that end, and that the debtor will be able to propose a plan within a reasonable amount of time. In Re Jug End in the Berkshires, Inc., 46 B.R. 892, 902 (Bankr. D.C. Mass. 1985). Courts have the

authority to dismiss or convert a Chapter 11 case "if the court determines that it is unreasonable to expect that a plan can be confirmed in the Chapter 11 case." In re great Amn. Pyramid, 144 B.R. 780, 791 (Bankr. W.D. Tenn. 1992). It is not sufficient to show an effective reorganization where "the debtors' hopes and aspirations for reorganization, although well-intended, have not been supplemented by any showing that a reorganization is possible, let alone reasonably likely within a reasonable period of time." In re YL West 87th Holdings I LLC, 324 B.R. 421 (Bankr. S.D.N.Y. 2010) (citing In re Diplomat Electronics Corp., 82 B.R. 688, 693 (Bankr. S.D.N.Y. 1988).

After three months under bankruptcy protection, the Debtor has not been able to establish a DIP account and has no money deposited on its behalf. The Debtor's intent was to establish a working relationship with the tenants of the building and to begin to receive rental income. Due entirely to the condition left by the prior manager the company has been unable to reach any agreement with the tenants regarding payment of back rent and the tenants have up to this point refused to pay ongoing rental payments. As such, there is no reasonable likelihood that the Debtor can effectively reorganize, in spite of gaining a significant breathing spell under the Bankruptcy Code.

    2.    Failure to File Monthly Operating Reports or Abide by a Court Order

The Debtor has violated 11 U.S.C.§ 1112(b)(4)(F), which requires a debtor to comply with filing requirements. In re Babayoff, 445 B.R. 64 (Bankr. E.D.N.Y. 2011) (failure to file monthly operating reports constitutes grounds to convert the case from one under Chapter 11 to one under Chapter 7 of the Bankruptcy Code); In re Landmark Atlantic Hess Farm, LLC, 448 B.R. 707, 716-717 (Bankr. D. Md. 2011) (cause to convert or dismiss the case found when the debtor failed to file monthly operating reports in a timely manner). Local Bankruptcy Rule

2015-1 requires a Chapter 11 debtor to file monthly operating reports no later than the twentieth day of the following month.  The Debtor has failed to file any monthly operating reports in this case.  The Debtor has thereby violated a basic disclosure requirement in this case, and provides cause to convert or dismiss this case.

     WHEREFORE, the Debtor and Debtor in Possession respectfully requests that the Court enter an order dismissing this Chapter 11 case or, in the alternative, converting this case to one under Chapter 7 of the Bankruptcy Code, pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated:  Nanuet, NY
        August 24, 2016

                                      Mosholu JJJ Realty LTD
                                      Debtor and Debtor in Possession

                              By:    */s/ Matthew M. Cabrera*
                                      Matthew M. Cabrera, Esq.
                                        Proposed Counsel for Debtor and
                                        Debtor in Possession
                                        55 Old Nyack Turnpike, Suite 308
                                        Nanuet, NY 10954